

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2007

# Patel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4700

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Patel v. Atty Gen USA" (2007). *2007 Decisions.* Paper 425.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/425

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4700

———————

RAKESH PATEL,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                            Respondent

———————

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A97-446-088
(U.S. Immigration Judge: Honorable Margaret R. Reichenberg)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 28, 2007

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed  September 17, 2007)

———————

OPINION OF THE COURT

———————

PER CURIAM.

    Rakesh Patel, a native and citizen of India, has filed a petition for review of an

order of the Board of Immigration Appeals ("BIA") denying his motion to reopen and

and reconsider its prior order affirming the Immigration Judge's ("IJ") denial of his first motion to reopen removal proceedings. We will deny the petition.

Patel entered the United States in February 2000 as a non-immigrant temporary worker authorized to remain until June 1, 2001. He stayed beyond the allotted time and, in October 2004, was charged as being removable for having overstayed his admission period. See Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)].[1] Patel conceded removability but applied for asylum, withholding, and protection under the United Nations Convention Against Torture. He voluntarily withdrew those applications, however, at an August 10, 2005, hearing before the IJ. The IJ then granted Patel's request to voluntarily depart the country within 120 days.

On December 2, 2005, six days before his voluntary departure period expired, Patel submitted to the IJ a motion to reopen the proceedings "to lawfully adjust his status based on a pending application for Canadian residency." The IJ denied the motion because it was untimely and because "the situation does not create an appropriate basis to reopen the respondent's case before this Court." On June 22, 2006, the BIA adopted and affirmed the IJ's decision.

The next month, Patel filed with the BIA a motion to reopen and reconsider. He argued that the proceedings should be reopened so he could file an asylum application

---

[1] Patel was also charged with removability for having procured admission by fraud or willful misrepresentation, see INA § 212(a)(6)(C)(I) [8 U.S.C. § 1182(a)(6)(C)(I)], but the Department of Homeland Security later withdrew the charge.

2

based on changed country conditions in India. Patel also urged the BIA to reconsider its prior decision, claiming that the December 2, 2005 motion to reopen was timely because it was filed before his voluntary departure period expired. The Board denied both motions on September 27, 2006. It found that the motion to reopen was numerically barred, and concluded that evidence Patel submitted did not establish a change in country conditions sufficient to merit reopening. See 8 C.F.R. § 1003.2(c)(3)(ii) (providing an exception to the rule that a motion to reopen must be filed within 90 days of a final decision, where an alien files a motion to reopen "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."). With respect to the motion for reconsideration, the Board concluded that it had properly determined that the motion to reopen that Patel had submitted to the IJ was untimely, even though that motion had been filed within the voluntary departure period.

On October 26, 2006, Patel filed a habeas corpus petition pursuant to 28 U.S.C. 2241 in United States District Court for the District of New Jersey. Before taking any substantive action on the § 2241 petition, the District Court transferred it to this Court for treatment as a petition for review pursuant to the REAL ID Act of 2005. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005).

3

We have jurisdiction to review the BIA's September 27, 2006 denial of Patel's motion to reopen and his motion for reconsideration.[2] See INA § 242 [8 U.S.C. § 1252]. We review the denial of a motion to reopen and a motion for reconsideration for abuse of discretion. See Xu Yong Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001); Nocon v. INS, 789 F.2d 1028, 1029 (3d Cir. 1986). Thus, in order to succeed on the petition for review, Patel must ultimately show that the BIA's discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F. 3d 580, 582 (3d Cir. 1994).

An alien generally "may file only one motion to reopen deportation . . . proceedings." See 8 C.F.R. § 1003.2(c)(2). There is an exception to this numerical limitation, however, for asylum applicants who demonstrate that their claim is based on changed circumstances in the country of removal, "if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." INA § 240(c)(7) [8 U.S.C. § 1229a(c)(7)]; see also 8 C.F.R. § 1003.2(c)(3)(ii). A motion to reopen proceedings based on changed country conditions "shall state the new facts that

_____

[2] Our review does not extend, however, to either (i) the IJ's order granting voluntary departure or (ii) the BIA's June 22, 2006 decision. See Stone v. INS, 514 U.S. 386, 405 (1995) (holding that review of an original removal decision and a subsequent removal order are distinct); see also McAllister v. Atty. Gen'l, 444 F.3d 178, 185 (3d Cir. 2006) (holding that the requirement that an alien appeal a removal order within 30 days is jurisdictional). In addition, to the extent that Patel alleges that the BIA abused its discretion in denying sua sponte reopening, we lack jurisdiction. See Calle-Vujiles v. Ashcroft, 320 F.3d 472 (3d Cir. 2003).

4

will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."  8 C.F.R. § 1003.2(c)(1).

In his motion to reopen, Patel claimed that he satisfied the changed circumstances exception because "recent events including the railway bombings have led to increased communal tensions and riots in Respondent's hometown of Ahmedabad."[3]  As support for this assertion, Patel submitted news articles pertaining to train bombings, apparently carried out by an Islamist militant organization opposed to Indian rule in Kashmir, in the cities of Mumbai and Ahmedabad in 2006.  The bombings, however, are representative of "[m]ere generalized lawlessness and violence between diverse populations" that will not support relief.  Abdille v. Ashcroft, 242 F.3d 477, 491-92 (3d Cir. 2001).  Moreover, as the BIA noted, the news articles indicate that the Indian government investigated and made arrests in the cases.  See Mulanga v. Ashcroft, 349 F.3d 123, 132 (3d Cir. 2003) (stating that an asylum applicant must show that persecution is committed by the government or by forces that the government is either unable or unwilling to control).  Therefore, because Patel did not sufficiently establish changed country conditions which materially affect his asylum claim, the BIA did not abuse its discretion in denying the motion to reopen.

---

[3] Patel also suggests that he fears violence from family members who opposed his 1998 marriage for social status reasons.  He has not, however, provided any evidence supporting this claim, which, in any event, is based on a personal dispute.  See Amanfi v. Ashcroft, 328 F.3d 719, 727 (3d Cir. 2003) (affirming BIA's conclusion that the alien was not persecuted "on account of religion, but rather because of retaliation in response to a personal dispute involving his father.").

5

Likewise, there was no abuse of discretion in the BIA's denial of Patel's motion for reconsideration. Patel asked the BIA to reconsider its determination that his first motion to reopen was untimely filed. Generally, a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. See 8 C.F.R. § 1003.2(c)(2); Filja v. Gonzales, 447 F.3d 241, 252 (3d Cir. 2006). Here, the IJ rendered a final decision on August 10, 2005, when it granted voluntary departure and both parties waived appeal. See 8 C.F.R. § 1003.39 (providing that "the decision of the Immigration Judge becomes final upon waiver of appeal"). He filed his motion to reopen more than 90 days later, on December 2, 2005. Thus, Patel's first motion to reopen was untimely filed, and the BIA correctly affirmed the denial of that motion. We further note that while Patel's motion to reopen was filed within the voluntary departure period, he cannot benefit from our decision in Kanivets v. Gonzales, 424 F.3d 330, 336 (3d Cir. 2005), because his motion to reopen was not timely filed. Id. at 335-36 (holding that a timely petition for reopening filed prior to expiration of voluntary departure period tolled voluntary departure period).

For the reasons that we have given, we will deny the petition for review.

6